

January 13, 2022

**Via ECF**
The Honorable Lorna G. Schofield, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application GRANTED.  Defendants are ordered not to serve the subpoenas until the issues described in this letter are resolved.  Defendants shall file a response to this letter by January 18, 2022.  A discovery conference is scheduled for January 20, 2022, at 11:15 a.m.  So Ordered.

Dated:  January 14, 2022
           New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:  *Ilana Gamza v. Planned Parenthood Federation of America, Inc., et al.*
     Docket No:  1:21-cv-05553-LGS

Dear Judge Schofield:

This firm represents the Plaintiff in the above-referenced matter. We write pursuant to Rule III(C)(3) of Your Honor's Individual Rules and Local Civil Rule 37.2, to respectfully request that Your Honor schedule an emergency discovery conference to discuss Plaintiff's intention to move to quash the oppressive, harassing, and irrelevant subpoenas which Defendants intend to serve upon each of Plaintiff's current employers on Monday, January 17, 2022. However, to the extent Your Honor would like to schedule an emergency discovery conference to discuss this dispute after Monday, January 17, 2022, Plaintiff respectfully requests that Your Honor issue an emergency Order prohibiting Defendants from serving these subpoenas until after Your Honor convenes an emergency discovery conference to discuss Plaintiff's objection and motion to quash.

On November 24, 2021, on the eve of Thanksgiving, Defendants emailed the undersigned a copy of the Cover Letter, Notice of Subpoena, and Subpoena that they were going to serve upon each of Plaintiff's current employers. Specifically, with respect to each of Plaintiff's current employers, Defendants intended to subpoena the complete personnel file for Plaintiff, all documents relating to Plaintiff's application for employment, all performance evaluations for Plaintiff, all documents relating to any disciplinary action taken against Plaintiff, all documents relating to any internal complaints about Plaintiff, all payroll information for Plaintiff, and all W-2's provided to Plaintiff in connection with her employment. Thereafter, the undersigned immediately objected to Defendants serving these subpoenas upon Plaintiff's current employers. In response, Defendants agreed to refrain from serving these subpoenas until the Parties had the opportunity to meet and confer.

On November 30, 2021, right after the Thanksgiving holiday, the Parties met and conferred to discuss these subpoenas. Specifically, the undersigned informed Defendants' counsel that the topics enumerated in the subpoena themselves are both oppressive and irrelevant to the present litigation and that these subpoenas would only serve to annoy, embarrass, oppress Plaintiff considering her fear that she would be terminated if these subpoenas were served upon her current employer. In support of this argument, the undersigned provided some of the case-law mentioned in this letter. Further, the undersigned suggested that the Parties reach agreement on Plaintiff providing some of the requested information directly to the Defendants, including wage and benefit information, in order to avoid service of the subpoena. Finally, the undersigned requested that Defendants refrain from serving these subpoenas until the Parties resolved the dispute or Your Honor

New York City Office: One Penn Plaza, Suite 4905, New York, NY 10119 | (212) 587-0760
Philadelphia Office: 1845 Walnut Street, Suite 1600, Philadelphia, PA 19103 | (215) 391-4790
New Jersey Office: 73 Forest Lake Drive, West Milford, NJ 07421 | (973) 388-8625
Website: www.discriminationandsexualharassmentlawyers.com

ruled on Plaintiff's anticipated letter-motion for a pre-motion discovery conference.

In response, Defendants argued that they had already been publicly shamed by virtue of this lawsuit and that they were not sympathetic to Plaintiff's concerns regarding annoyance or embarrassment. Additionally, Defendants claimed without providing any supporting authority, that they have the right to verify Plaintiff's employment information. Ultimately, Defendants were unwilling to compromise and refused to withdraw their subpoenas. However, they did agree to refrain from serving the subpoenas until after the Parties had the opportunity to consider Plaintiff's arguments and address them at a subsequent meet and confer.

Thereafter, for more than six (6) weeks, Defendants did not raise the issue or otherwise indicate that they still intended to serve these subpoenas. On January 12, 2022, at 7:35 PM, despite Defendants' agreement not to serve the subpoenas until after a subsequent meet and confer, they emailed the undersigned revised subpoenas still seeking all performance evaluations of Plaintiff, all documents relating to any disciplinary action taken against Plaintiff, all documents relating to any internal complaints about Plaintiff, all complaints or grievances made by Plaintiff, including but not limited to complaints or grievances relating to discrimination or retaliation, and all payroll information for Plaintiff. *See* Defendants' Notice of Subpoena, Cover Letter, and Subpoena to each of Plaintiff's current employers, dated January 12, 2022, annexed hereto as **Exhibit A**. Further, Defendants advised the undersigned that the subpoenas would be served on Monday, January 17, 2022, without inviting the undersigned to another meet and confer to discuss Plaintiff's concerns, as previously agreed between the Parties.

It is well settled that "wherever possible, information about a party's employment history should be obtained through less intrusive means than directly contacting a party's current or former employers. *Smalls v. New York Hosp. Med. Ctr. of Queens,* No. 13 CV 1257 (RRM), 2013 WL 12333083, at *9 (E.D.N.Y. Oct. 15, 2013). Here, Defendants should not be allowed to subpoena Plaintiff's current employers because it will only serve to annoy, embarrass, oppress and unduly burden Plaintiff. *See Warnke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010), citing *Conrod v. Bank of N.Y,* 1998 WL 430546 (S.D.N.Y. July 30, 1998). In fact, Plaintiff has expressed concern that she might be terminated if these subpoenas were served upon her current employers. Therefore, due to the "direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort. *Id.*

In addition to the oppressive and harassing nature of these subpoenas, the categories of documents sought by Defendants are completely irrelevant to the claims or defenses in this action. Plaintiff has already previously provided Defendants with recent paystubs from both of her current employers and agreed to provide further wage and benefit information relevant to her damages claim. However, Defendants' request for performance evaluations, documents relating to any disciplinary action taken against Plaintiff, and documents relating to any internal complaints about Plaintiff, is nothing more than an impermissible fishing expedition into Plaintiff's confidential employment records. *See e.g. Burch v. P.J. Cheese, Inc.,* No. 2:09-CV-1640-SLB, Aug. 20, 2010 (N.D. Ala.) (finding that a plaintiff had a "legitimate privacy interest in his employment records held by his current employer" that had been subpoenaed by the defendant and concluding that, because the requested records were mostly irrelevant, the subpoena appeared to constitute " 'a fishing expedition' or 'tool for harassment,' [rather] than a reasonably calculated discovery request").

Lastly, even if these records were deemed discoverable, the evidence to be adduced from these non-party employers would likely be inadmissible propensity evidence under Rule 404(a). *See,*

*e.g., Lewin v. Nackard Bottling Co.,* No. CV 10-8041-PCT-FJM, 2010 WL 4607402, at *2 (D. Ariz. Nov. 4, 2010) (attack on plaintiffs credibility by introducing evidence of his character in another employment setting likely inadmissible propensity evidence under Rule 404(a)); *Chamberlain v. Farmington Sav. Bank,* No. 06–CV01437, 2007 WL 2786421, at *3 (D.Conn. Sept. 25, 2007) (quashing subpoena served on plaintiff's former employer when defendant sought "to discover evidence of the plaintiff's performance history in order to show that he has a propensity for certain performance deficiencies"). As such, this subpoena would likely not result in any relevant discovery or admissible evidence and Defendants should not be allowed to serve the instant subpoenas upon either of Plaintiff's current employers.

In light of the above, Plaintiff respectfully requests that Your Honor schedule an emergency discovery conference to discuss Plaintiff's intention to quash the oppressive, harassing, and irrelevant subpoenas which Defendants intend to serve upon each of Plaintiff's current employers on Monday, January 17, 2022. However, to the extent Your Honor would like to schedule an emergency discovery conference to discuss this dispute after Monday, January 17, 2022, Plaintiff respectfully requests that Your Honor issue an emergency Order prohibiting Defendants from serving these subpoenas until after Your Honor convenes an emergency discovery conference to discuss Plaintiff's objection and motion to quash. We thank the Court for its time and attention to this matter.

> Respectfully Submitted,
> **DEREK SMITH LAW GROUP, PLLC**
>
> ___/s/ Daniel Altaras___
> Daniel J. Altaras, Esq.

cc: All Counsel of Record (Via ECF)