

Plaintiff shall file a response to this letter by May 13, 2022.  So Ordered.

Dated: May 10, 2022
New York, New York

*LORNA G. SCHOFIELD*
**UNITED STATES DISTRICT JUDGE**

**Brian Farkas**
Associate
212.492.3297 DIRECT
212.484.3990 FAX
brian.farkas@arentfox.com

**Nancy Puleo**
Partner
617.973.6124 DIRECT
617.367.2315 FAX
nancy.puleo@arentfox.com

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

212.484.3900 **MAIN**
212.484.3990 **FAX**

afslaw.com

May 9, 2022

**VIA ECF**
Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *Gamza-Machado De Souza v. Planned Parenthood Federation of America, et al.,* Case No. 1:21-cv-05553-LGS

Dear Judge Schofield:

We represent Defendants Planned Parenthood Federation of America, Inc. ("PPFA"), Rachel Moreno, and George Walker (collectively, "Defendants") in the above-referenced matter. We write pursuant to Local Civil Rule 37.2 and Rule III(C)(3) of Your Honor's Individual Rules to respectfully request that the Court schedule a conference to discuss the continued failure of Plaintiff Ilana Gamza-Machado De Souza ("Plaintiff") to provide comprehensive releases for her mental health records. On March 31, 2022, the Court granted Defendants' motion to obtain these releases from January 1, 2019 forward, finding that they are relevant to both causation and damages. (Dkt. 57). Yet Plaintiff has still not provided releases that have yielded records from before May 2020—despite clear evidence that she has received mental health treatment since at least January 2019. We respectfully request that the Court (1) compel Plaintiff to produce releases for the period of January 2019 and May 2020 and (2) award Defendants the reasonable costs of this Motion.

**Factual and Procedural Background**

Plaintiff worked at PPFA between October 1, 2019 and November 30, 2020. Her lawsuit seeks millions of dollars of damages for various medical and psychological conditions purportedly caused by her termination from PPFA (e.g., anxiety, depression, paranoia, difficulty focusing). (*See* Amended Complaint, Dkt. 33, ¶¶ 51-55). The discovery dispute raised by this Motion has a long history. (*See generally*, Dkt. 52). It began with Plaintiff's First Document Production on November 3, 2021, which included a handful of medical records. (Bates Stamped as P000239 – P000259). After reviewing these limited records, Defendants quickly saw references indicating that Plaintiff was being treated for the ***same conditions*** she now attributes to PPFA ***before*** she ever worked at PPFA.

Plaintiff originally provided medical release authorizations for two sources: Margo E. Rappaport (a psychologist who treated her beginning in May 2020) and Jersey Medical Care (a facility with multiple providers who treated her beginning in November 2020). Again, while May 2020 is earliest records that Defendants have obtained—seven months into her PPFA employment—these records contain clear notations that Plaintiff was receiving mental healthcare treatment since at least January 2019 when she was diagnosed with severe post-partum depression. For months, Defendants have sought releases for the pre-May 2020 records. Defendants' requests were memorialized in letters to Plaintiff's counsel dated January 27, 2022 (*see* **Exhibit A**) and February 23, 2022 (*see* **Exhibit B**), along with several unsuccessful meet-and-confers.



**The Court's Prior Order and Plaintiff's Supplemental Authorizations**

Getting nowhere, Defendants moved to compel supplemental authorizations on March 17, 2022. (Dkt. 52). On March 31, 2022, the Court granted that motion, ordering that: "Plaintiff shall provide medical release authorizations for Plaintiff's mental health providers from January 2019 onward as such records are relevant to the issue of causation and damages." (Dkt. 57). The Court further ordered that she must continue her deposition for three hours to answer "questions about her mental health, including from January 2019 as reflected in the documents to be produced from the providers who are subject of this order." (*Id*.).

On April 15, 2022, Plaintiff provided two supplemental releases for two previously undisclosed doctors: Dr. Leonid Vorobyev and Dr. Maryana Tselniker. Defendants promptly served the releases and communicated with those providers. Neither has yielded any earlier mental health records:

- Dr. Tselniker's office located only a single medical record related to a visit by Plaintiff on July 10, 2021. Her office has stated that this was Plaintiff's first and only appointment. While this record is relevant—and it is concerning that this provider was not identified by Plaintiff until last month—Plaintiff did not visit this provider until eight months *after* her termination from PPFA.
- Dr. Vorobyev's office has stated that he never directly treated Plaintiff. Dr. Vorobyev's connection to Plaintiff appears to be purely bureaucratic. He is a Medical Director for two psychiatric practices, one of which is affiliated with Jersey Medical Care (which Plaintiff visited). A nurse practitioner named Patrick Dispoto, who works in his practice, saw Plaintiff at Jersey Medical Care, and those records were already obtained pursuant to earlier releases. The undersigned again contacted Jersey Medical Care and confirmed that they have already provided Defendants with post-November 2020 records pursuant to Plaintiff's original authorizations in this case. Neither Dr. Vorobyev nor Jersey Medical Care possesses any new or different records showing treatments by Dr. Vorobyev, because Dr. Vorobyev never saw Plaintiff. According to Dr. Vorobyev, no pre-November 2020 records exist.

In sum, Plaintiff's two "supplemental" releases have not yielded the required information for providers whom she saw between January 1, 2019 and May 2020. On May 2, 2022, Defendants wrote to Plaintiff's counsel to alert him to the situation and ask for further supplemental authorizations (*See* **Exhibit C**). Counsel declined to offer any additional releases, stating: "I have conferred with my client and have confirmed with her that Plaintiff has already provided authorizations for all medical providers requested by Defendants." (*See* **Exhibit D**).

Respectfully, Plaintiff's statement is simply not credible. The medical records produced to date reflect that Plaintiff was already being treated for psychiatric conditions, including prescribed medications, before May 2020 (the earliest records obtained so far). Consider the following examples:

- During Plaintiff's May 5, 2020 session with Margo E. Rappaport, Dr. Rappaport's notes state: "[Plaintiff] had severe post partum depression starting 1/14/19 […] Pt consistently feels anxious, panic and on edge. While in active episode still unable to cope and only able to use the skills after the initial attack. Pt stated 'I want to be able to feel like myself again, to be able to be calm, not to be so sad and anxious. To be able to concentrate and focus.' Pt had seen psychiatrists for medication management." **Plaintiff has not provided any records reflecting her January 2019 diagnoses of**



- **severe post-partum depression. She has not produced any information related to the referenced psychiatrists or medications from the period before this May 5, 2020 record.**
- During her November 20, 2020 visit with Jersey Medical Care, the provider's notes state: "[S]he was taking Clonazepam for 3 months but was feeling nausea and lightheadedness and stopped, she started taking Vistaril, states she still takes Clonazepam occasionally, she finds that around 5am in the morning she gets anxious and nausea with racing thoughts, these symptoms subside in the afternoon, she was also prescribed Zoloft but it made her feel "fuzzy" so she stopped, prior to giving birth she was rarely anxious, she was fearless and traveled allot and was not scared of little things, now she panics due to little things, clonazepam makes her feel better[.]" **Plaintiff has not produced any information about what provider(s) prescribed her Clonazepam and Vistaril prior to November 2020, nor has she produced any information reflecting the changes in her dosage.**
- During her July 15, 2021 visit with Jersey Medical Care, the provider's notes state: "[S]he saw her GP and was placed on buspirone" (another anxiety medication). **Plaintiff has not produced any information relating to her "GP" (general practitioner) or this prescription for Buspirone.**

To summarize: Plaintiff was diagnosed with "severe post partum depression" beginning in January 2019, for which she received various psychological and/or psychiatric treatments. Yet in this lawsuit, she claims that PPFA is responsible for her "severe emotional distress and physical ailments including extreme anxiety and severe depression" (Dkt. 33 at ¶ 52) and/or "aggravation, activation, and/or exacerbation of any preexisting condition." (*Id*. at ¶ 55). Her claims cannot be tested without full disclosure of relevant records beginning in January 2019, which is exactly what the Court previously ordered.

The credibility of Plaintiff's assertion that she had no other mental health providers is further undermined by the fact that Defendants have just received proof from a third-party that Plaintiff *has not even disclosed all relevant providers after May 2020*, much less before. Last week, Defendants received documents from Cigna/New York Life pursuant to a third-party subpoena. Plaintiff had applied for short-term disability benefits following her termination from PPFA. In her application for those benefits, she was required to list any providers whom she saw for her mental health conditions. (*See* **Exhibit E**). One of the doctors she lists—a psychiatrist named Dr. Felix Geller—*has never been disclosed* by Plaintiff in this litigation. According her disability application, he first treated her on August 31, 2020, which would be about three months after she first started seeing Dr. Rappaport and three months before she first started seeing Jersey Medical Care. Plaintiff apparently disclosed Dr. Geller to Cigna/New York Life in her effort to obtain benefits, but elected not to disclose him to Defendants.

Plaintiff should, obviously, be compelled to provide a release for Dr. Geller. But even this does not address the total absence of records between January 2019 and May 2020. Simply put, her claim that she has no other mental healthcare providers is belied by the documentary evidence.

**Effect on Existing Discovery Schedule**

On April 6, 2022, the Court set the end-date for fact discovery as May 9, 2022 and the end-date for expert discovery as June 23, 2022. (Dkt. 59). Those dates were predicated on the Court's March 31, 2022 Order that permitted Plaintiff to take an additional five depositions of PPFA-affiliated witnesses, and also



required Plaintiff to be re-deposed for a three-hour period after her supplemental medical records were produced. Plaintiff has deposed the PPFA-witnesses.[1] But because Plaintiff has still not provided appropriate medical releases, Defendants have not had the chance to depose her pursuant to the Court's Order.

Defendants respectfully request that all deadlines in the Case Management Order be adjourned by 45 days. This period will be necessary to obtain any existing additional records that the Court orders as a result of this Motion, and then expediently depose Plaintiff about her mental health.[2]

**Defendants are Entitled to Attorney's Fees**

Plaintiff did not comply with the Court's March 31, 2022 Order. Even without that Order, Plaintiff should have disclosed Dr. Vorobyev, Dr. Tselniker, and Dr. Geller many months ago pursuant to the operative deadlines in the Case Management Schedule. At this point, Defendants are being repeatedly forced to expend resources—writing letters to Plaintiff's counsel and the Court—to obtain evidence about Plaintiff's mental health, which she herself has put into controversy through her lawsuit. Where a discovery order is violated, Rule 37(a)(5)(A) empowers a court to order a party or attorney to pay "the movant's reasonable expenses incurred in making the motion, including attorney's fees." Defendants respectfully request that they be awarded reasonable attorney's fees—the "mildest" sanction for Plaintiff's misconduct.[3]

***

Defendants respectfully request that the Court schedule a conference to discuss the issues raised herein, or in the alternative, (1) compel Plaintiff to produce release authorizations for the period of January 2019 through May 2020 and (2) award Defendants the reasonable costs for this Motion.

Respectfully,

*/s/ Brian Farkas*                    */s/ Nancy J. Puleo*
Brian Farkas                          Nancy J. Puleo

*Cc: All counsel of record via ECF.*

---

[1] Plaintiff made a motion on March 24, 2022 asking the Court to allow her to take five additional depositions of PPFA-affiliated witnesses: Jamila Galloway, Jennifer Baxi, Lauren Garcimonde-Fisher, Yolanda Gault, and Melissa Lopez. Defendants offered dates for each of those witnesses after the Order, but Plaintiff then decided to only take the depositions of Ms. Galloway and Ms. Baxi. Those depositions were completed on April 29, 2022 and May 9, 2022, respectively.

[2] Additionally, the Court had already approved a Rule 35 medical examination of Plaintiff. (Dkt. 47). That examination will inform Defendants' expert report and testimony. But it cannot be scheduled until all relevant medical records are obtained.

[3] *See, e.g.*, *Figueroa v. W.M. Barr & Co., Inc.*, No. 18 Civ. 11187, 2020 WL 996473, at *5 (S.D.N.Y. Mar. 2, 2020) ("Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled") (citations omitted); *Russell v. W.C.C.*, No. 16 Civ. 1712, 2022 WL 1176909, at *1 (S.D.N.Y. Mar. 11, 2022) ("The 'mildest' sanction for discovery misconduct is an order to reimburse the opposing party for expenses caused by the failure to cooperate") (citations omitted); *Shnyra v. State St. Bank & Tr. Co.*, No. 1:19 Civ. 2420, 2020 WL 6892078, at *11 (S.D.N.Y. Nov. 24, 2020) (requiring plaintiffs to pay attorney's fees where they failed to comply with discovery order).