

Application GRANTED. Defendants' counsel may share Plaintiff's OBGYN record with Dr. Larry S. Kirstein, MD, Defendants' expert witness, for the limited purpose of conducting the Rule 35 examination of Plaintiff.

Dated: July 21, 2022
New York, New York

**L**ORNA **G. S**CHOFIELD
**U**NITED **S**TATES **D**ISTRICT **J**UDGE

**Nancy Puleo**
Partner
617.973.6124 DIRECT
617.367.2315 FAX
nancy.puleo@arentfox.com

1301 Avenue of the Americas
42nd Floor
New York, NY 10019

212.484.3900 MAIN
212.484.3990 FAX

afslaw.com

July 20, 2022

**VIA ECF**

Hon. Lorna G. Schofield, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Gamza-Machado De Souza v. Planned Parenthood Federation of America, et al.,* Case No. 1:21-cv-05553-LGS

Dear Judge Schofield:

We represent Defendants Planned Parenthood Federation of America, Inc. ("PPFA"), Rachel Moreno, and George Walker (collectively, "Defendants") in the above-referenced matter. We write to seek leave to allow Defendants' expert witness—Dr. Larry S. Kirstein, MD—to review certain medical records recently produced by Plaintiff's OBGYN on July 19, 2022 that the Court had designated as "attorneys' eyes only" in granting Defendants' motion to compel. **We have conferred with Plaintiff's counsel, and Plaintiff does not oppose this request.**

**Relevant Background**

This is an employment discrimination and retaliation case. The Amended Complaint asserts damages based on various forms of purported psychological and psychiatric harm. (Dkt. 33 at ¶¶ 51-53). Plaintiff also seeks punitive damages tied to her alleged injuries. (*Id*. at ¶ 56).

Plaintiff began working at PPFA in October 2019. However, the earliest medical records initially obtained in discovery were from May 2020. After reviewing these 2020 medical records, Defendants saw references to earlier treatments for depression, anxiety, difficulty focusing, and related conditions—the same conditions that are the basis of her damage claims in this lawsuit—beginning at least as early as January 2019, when she was diagnosed with severe post-partum depression.

Defendants moved to compel supplemental authorizations relating to Plaintiff's earlier psychiatric care on March 17, 2022. (Dkt. 52). On March 31, 2022, the Court granted that motion, ordering that: "Plaintiff shall provide medical release authorizations for Plaintiff's mental health providers from January 2019 onward as such records are relevant to the issue of causation and damages." (Dkt. 57). Still not receiving records from that time period, Defendants renewed their motion to compel on May 9, 2022. (Dkt. 60). The parties engaged in further briefing as well as a discovery conference before the Court.

**The Court's Order and Plaintiff's OBGYN Records**

On June 17, 2022, the Court granted Defendants' renewed motion to compel certain records related to Plaintiff's mental health history, specifically including records from Plaintiff's OBGYN who both diagnosed and treated her post-partum depression. (Dkt. 72, the "Order"). The Order stated, in relevant part: "Plaintiff shall provide a medical release authorization for Plaintiff's records with her OBGYN. The records

Smart In
Your World®



when received shall be for attorneys' eyes only subject to further application to, and order of, the Court." (Dkt. 72 at 2).

Plaintiff provided the necessary release authorization for Dr. Raymond Wong, MD, Plaintiff's OBGYN, on June 22, 2022. Defendants immediately served that release on Dr. Wong the following day. On July 19, 2022, Dr. Wong's office provided responsive records (the "OBGYN Records"). In accordance with the Court's Order, the undersigned has reviewed those records and not shared them with anyone else, including our clients.

**Next Steps in Fact and Expert Discovery**

The Court has directed that Plaintiff shall sit for a three-hour deposition on her mental health, including based upon the records that have now been produced relating to the period beginning in January 2019. (Dkt. 57). Under the most recent Case Management Plan, fact discovery concludes on July 29, 2022. (Dkt. 76 at 2). Expert discovery concludes on August 24, 2022. (*Id*. at 3). During that period, the Court also directed that Defendants' expert, Dr. Kirstein—a licensed and board-certified psychiatrist—may take Plaintiff's Rule 35 medical examination via Zoom. (Dkt. 47). After his examination, Dr. Kirstein will need to produce a rebuttal report responding to the expert report served by Plaintiff on February 25, 2022.

To allow Dr. Kirstein to adequately prepare for the steps above, and to permit him to speak freely with the undersigned regarding his interpretations of the OBGYN Records, we respectfully seek the Court's permission to lift the "attorneys' eyes only" designation on the OBGYN Records with respect to Dr. Kirstein.[1] Neither the undersigned nor Dr. Kirstein will share those records with any third-party, including our clients.

Attached hereto as **Exhibit A** is a Declaration from Dr. Kirstein. In that Declaration, Dr. Kirstein attests that he will review the OBGYN Records solely for his preparation for the Court-approved Rule 35 examination of Plaintiff, as well as his expert rebuttal report, and any related conversations with the undersigned for purposes of this litigation. His Declaration further attests that he will not share the OBGYN Records with any third-parties, and will exert all reasonable efforts to keep them confidential.

For the foregoing reasons, Defendants respectfully request that the Court enter an order permitting our expert witness to review the medical records as described herein. Plaintiff does not oppose this request. Should the Court wish to discuss this matter further, the undersigned is available for a telephonic conference at Your Honor's convenience.

Respectfully,

*/s/ Brian Farkas*          */s/ Nancy J. Puleo*
Brian Farkas                 Nancy J. Puleo

*Cc: All counsel of record via ECF.*

---

[1] In Defendants' prior motions to compel, we noted the importance of Dr. Kirstein's ability to review Plaintiff's medical records to allow him to appropriately fulfil his role in expert discovery. *See* Dkt. 52 at 3; *Id*. at 6; Dkt. 64 at 3-4; *Id*. at 4 n.2.